IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| National Audubon Society, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:09-cv-112 |
| | ) | |
| -vs- | ) | **ORDER ON MOTION TO DISMISS** |
| | ) | |
| Wayne Stenehjem, in his official capacity | ) | |
| as Attorney General of North Dakota, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Before the Court is Defendant's motion to dismiss under the abstention doctrine

announced in Younger v. Harris, 401 U.S. 37 (1971) (Doc. #5). Plaintiff filed a brief in

opposition (Doc. #7). The Court, having carefully considered the arguments of the parties, now

issues this memorandum opinion and order.

## SUMMARY OF DECISION

Defendant brought an action in state court to divest Plaintiff of land under N.D. Cent.

Code. Ch. 10-06.1, sometimes referred to as North Dakota's "Anti-Corporate Farming Act" ("the

Act"). Plaintiff has challenged the constitutionality of the Act in the ongoing state proceedings.

Plaintiff now brings this federal action challenging the constitutionality of the Act.

The Court finds abstention is appropriate under Younger v. Harris, 401 U.S. 37 (1971).

The Court further finds a stay is warranted, rather than dismissal, as there is concurrent

jurisdiction over the issues and a possibility exists that the parties may return to federal court.

Fuller v. Ulland, 76 F.3d 957, 960-61 (8th Cir. 1996) (quoting Int'l Ass'n of Entrepreneurs of

1

America v. Angoff, 58 F.3d 1266, 1271 (8th Cir. 1995)).

## BACKGROUND

Plaintiff National Audubon Society, Inc. ("Audubon") is a nonprofit corporation organized under New York law (Doc. #1, Complaint).  In 1988, Audubon acquired 263 acres of land in Stutsman County, North Dakota.  Id. The State of North Dakota contends Audubon is subject to the state's general prohibition on corporate ownership of farmland, which is set forth in N.D. Cent. Code § 10-06.1-02.

On July 21, 2009, the State of North Dakota, through Attorney General Wayne Stenehjem, filed a lawsuit in the Southeast Judicial District, alleging Audubon's ownership of the 263-acre tract of land in Stutsman County, North Dakota is in violation of North Dakota law (Doc. #6-1, state court Complaint).  The State seeks to divest Audubon of its title and interest in the land and for Audubon to pay a $25,000 civil penalty.  Id.

On August 21, 2009, Audubon removed the state court action to this Court (Case # 3:09-cv-78).  Audubon later consented to remand the federal action to state court (Doc. #8, Case #3:09-cv-78), and this Court ordered the case remanded to the Southeast Judicial District (Doc. #9, Case #3:09-cv-78).  Audubon then filed an Amended Answer in state court, asserting as affirmative defenses, in part, that N.D. Cent. Code Ch. 10-06.1 is unconstitutional, as it violates the Commerce Clause of the United States Constitution and N.D. Cent. Code  § 10-06.1-10(1) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Doc. #6-3).  The state court action remains pending in the Southeast Judicial District.

On December 14, 2009, Audubon filed the instant action against Wayne Stenehjem, in

his official capacity as Attorney General of North Dakota (Doc. #1).  Audubon challenges the

constitutionality of N.D. Cent. Code Ch. 10-06.1.  Specifically, Audubon alleges that Ch. 10-

06.1 violates the Commerce Clause of the United States Constitution and that § 10-06.1-10(1)

violates the Equal Protection Clause of the Fourteenth Amendment.

The State moves to dismiss this federal action under the abstention doctrine articulated

by the United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1971).  Audubon

opposes the motion, contending the issues in this case involve the interpretation of the United

States Constitution, which is a task specially suited for federal courts, and the State has failed to

establish two of the necessary Younger requirements.  Audubon also cites two Eighth Circuit

opinions wherein the Circuit Court concluded Nebraska and South Dakota's Anti-Corporate

Farming statutes violated the dormant Commerce Clause.  See Jones v. Gale, 470 F.3d 1261 (8th

Cir. 2006); South Dakota Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583 (8th Cir. 2003).

Audubon contends North Dakota's statute is similar to Nebraska and South Dakota's statutes and

thus this Court should retain jurisdiction over the instant action because North Dakota's statute is

"flagrantly and patently unconstitutional."

**ANALYSIS**

Generally, "[f]ederal courts have a 'virtually unflagging obligation . . . to exercise the

jurisdiction given them.'"  Barzilay v. Barzilay, 536 F.3d 844, 849 (8th Cir. 2008) (citations

omitted).  As exceptions to the rule, the United States Supreme Court has created several

abstention doctrines, one of which is commonly referred to as the Younger doctrine.  Id.  "Under

Younger v. Harris, 401 U.S. 37 (1991), federal courts should abstain from exercising jurisdiction

in cases where equitable relief would interfere with pending state proceedings in a way that

offends principles of comity and federalism."  <u>Aaron v. Target Corp.</u>, 357 F.3d 768, 774 (8th Cir. 2004).  The motivating force behind the <u>Younger</u> abstention doctrine is the promotion of comity between federal and state judicial bodies.  <u>Id.</u>

In <u>Younger</u>, the Supreme Court held that a federal court should not enjoin a state criminal prosecution when the plaintiff's federal claim could have been raised as a defense in the state proceedings.  <u>Younger</u>, 401 U.S. at 53-54.  In so ruling, the Supreme Court specifically noted the absence of any evidence of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief."  <u>Id.</u> at 54.  The Supreme Court also suggested that abstention might not be appropriate if the statute the state is seeking to enforce is "flagrantly or patently violative of express constitutional prohibitions."  <u>Id.</u> at 53.

### 1.    "Flagrant and Patent" Exception to <u>Younger</u>

The Court begins with an exception to <u>Younger</u>, as Audubon contends North Dakota's Anti-Corporate Farming Act is flagrantly and patently unconstitutional under Eighth Circuit law and, therefore, there is no need to analyze whether the <u>Younger</u> abstention doctrine applies (Doc. #7, brief at pp. 2-7).  A constitutional challenge to a state statute or procedure does not render the <u>Younger</u> requirements inapplicable.  <u>See</u> <u>Moore v. Sims</u>, 442 U.S. 415, 426 n. 10 (1979) ("The dissenters' additional argument that a constitutional attack on state procedures automatically vitiates the adequacy of those procedures for purposes of the <u>Younger-Huffman</u> line of cases is reiteration of a theme sounded and rejected in prior cases"); <u>see also</u> <u>Central Ave. News, Inc. v. City of Minot, N.D.</u>, 651 F.2d 565 (8th Cir. 1981) (in an action challenging the constitutionality of two ordinances, the court analyzed the general rules of <u>Younger</u> and then determined whether any exceptions applied).

Thus, Audubon relies on a "narrow" exception to the <u>Younger</u> abstention doctrine. <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 611 (1975).  The exception requires a statute to be "flagrantly and patently violative of express constitutional prohibitions *in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.*" <u>Id.</u>; <u>Watson v. Buck</u>, 313 U.S. 387, 402 (1941) (emphasis added).  The plaintiff "carries a strong burden in establishing the overwhelming unconstitutionality of the state statute." <u>Central Ave. News, Inc.</u>, 651 F.2d at 570.   Moreover, with regard to a constitutional challenge to a state statute, the Eighth Circuit has noted:

> A federal court, without a showing of extraordinary circumstances, should not place itself in the position of holding a state statute, not yet construed by the state courts, to be unconstitutional where a permissible construction of the statute is possible. <u>Younger v. Harris</u>, 401 U.S. at 53-54.  Such a decision not only is a waste of judicial resources but also provokes a needless collision between state and federal power. <u>Id. See also</u> Maraist, <u>Federal Intervention in State Criminal Proceedings: Dobrowski, Younger and Beyond</u>, 50 Tex.L.Rev. 1324 (1972); Wechsler, <u>Federal Courts, State Criminal Law and the First Amendment</u>, 49 N.Y.U.L.Rev. 740 (1975)).

<u>Id.</u> at 567.

In this case, Audubon references a single district court opinion from Griggs County, North Dakota that rejected a dormant Commerce Clause challenge to North Dakota's Anti-Corporate Farming Act.[1] <u>Stenehjem v. Crosslands, Inc.</u>, No. 20-05-C-002 (N.D. Dist. Ct. June 11, 2009).   In that case, the State appealed the district court's decision requiring Crosslands, a nonprofit corporation, to divest itself of certain rural land, but allowing it to retain other rural land.  The Supreme Court reversed the district court, concluding the Act required Crosslands to

---

[1] Neither party provided a copy of the Griggs County opinion to this Court and the court file is in the process of being returned to the Southeast Judicial District from the North Dakota Supreme Court.

5

divest itself of the entire tract of disputed land.  Stenehjem v. Crosslands, Inc., No. 20090199,

2010 ND 91 (N.D. May 13, 2010).  Crosslands did not cross-appeal the district court's finding

that North Dakota's Anti-Corporate Farming Act does not violate the dormant Commerce

Clause. While the North Dakota Supreme Court considered the application of the Act, it did not

consider the constitutionality of the Act.  Consequently, the North Dakota Supreme Court has yet

to address the constitutional issues raised by Audubon.

In contrast, the Eighth Circuit has addressed two other states' Anti-Corporate Farming

statutes. See Jones, 470 F.3d 1261 (analyzing Nebraska law); Hazeltine, 340 F.3d 583 (analyzing

South Dakota law).  A preliminary review of the Eighth Circuit's analyses demonstrates

Audubon has raised legitimate constitutional questions about North Dakota's Act.  However, the

Court is not convinced that North Dakota's Act sanctions blatant and flagrant constitutional

violations.  If such plain constitutional violations existed, it would be expected that Crosslands, a

nonprofit corporation similar to Audubon, would have appealed the issues to the North Dakota

Supreme Court.  However, it did not and the North Dakota Supreme Court has not had an

opportunity to construe the constitutionality of the Act.

The Court is not convinced that extraordinary circumstances are present such that this

Court ought to interfere with the state proceedings.  Audubon has failed to carry its heavy burden

of establishing North Dakota's law is flagrantly and patently unconstitutional in order to fall

within this narrow exception to the Younger doctrine.  In the promotion of comity, this Court

declines to invoke the narrow exception and accept jurisdiction while there is an ongoing state

proceeding.  See Central Ave. News. Inc., 651 F.2d at 570 (while the ordinances raise legitimate

constitutional concerns, the court cannot say they sanction blatant and flagrant constitutional

violations to fall within the Younger exception).

## 2.    Application of Younger

Determining the exception relied on by Audubon does not apply, the remaining issue for the Court to consider is whether the requirements of the Younger abstention doctrine are met.  In determining whether the doctrine applies, courts are to consider three factors: (1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges.  Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996).  Audubon argues the State cannot meet the first and third factors.

As to the first factor, the existence of an ongoing state judicial proceeding, Audubon asserts the State cannot satisfy this requirement because the state divestiture proceeding is not criminal or quasi-criminal in nature and because injunctive relief is not being sought at the state level.  There is no dispute that the state action against Audubon remains pending.  Audubon is correct in noting the Younger abstention doctrine is rooted in a case involving a state criminal prosecution.  Younger, 401 U.S. at 53-54.  However, the Supreme Court has extended Younger to civil actions.  See Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986) (district court should abstain from adjudicating civil rights action under Younger, as the elimination of prohibited sex discrimination was sufficiently important state interest to bring case within the ambit of Younger and the school would have an adequate opportunity to raise its constitutional claims in state court); Huffman, 420 U.S. at 603-05  (applying Younger to federal action that sought to interfere with a state civil proceeding to abate showing of obscene movies); Trainor v. Hernandez, 431 U.S. 434, 447 (1977) (concluding Younger prevented a district court from enjoining an unconstitutional civil action initiated by a state to recover fraudulently

7

obtained welfare payments).  The Supreme Court has noted: "the policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state interests are involved." <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982).

Consistent with Supreme Court precedent, the Eighth Circuit has extended <u>Younger</u> outside the context of criminal prosecutions or quasi-criminal proceedings.  <u>See</u> <u>Norwood v. Dickey</u>, 409 F.3d 901, 903 (8th Cir. 2005) (abstention appropriate in a federal civil rights action where plaintiff sued state supreme court justices and the executive director of the state judicial discipline and disability commission for alleged violations of First and Fourteen Amendment rights and state administrative proceedings remained pending); <u>Yamaha Motor Corp., U.S.A. v. Stroud</u>, 179 F.3d 598 (8th Cir. 1999) (district court properly abstained under <u>Younger</u> from hearing manufacturer's § 1983 claim against director and members of the state motor vehicle commission regarding challenge to state officials' invocation of notice and hearing procedures to open a new dealership).

Moreover, Audubon does not dispute important state interests are implicated.  Farming is a vital part of North Dakota's economy, history, and culture.  Enforcement of the state's farming laws is an important state interest.  Likewise, a determination of the constitutionality of the state's laws governing the ownership of farmland is of significant interest to the state.  While Audubon may not be seeking to enjoin the state action, the relief Audubon requests in this action would in effect end the state court action without allowing the state court an opportunity to consider the issues.  Upon consideration of the nature of the pending state action between these two parties, the Court finds it involves important state interests and thus the first and second

Younger factors are satisfied.

Lastly, Audubon contends the third factor, whether there is an adequate opportunity in the state proceedings to raise constitutional challenges, is not met. Audubon argues it has no opportunity for a full and fair hearing in the state proceedings to raise its constitutional challenges. In the state action, Audubon asserted in its Amended Answer several affirmative defenses, including the constitutional issues raised in this action (Doc. 6-3). Audubon has not identified a procedural bar that would prevent the presentation of its constitutional claims.

Rather, the obstacle Audubon points to is a district court opinion rejecting a dormant Commerce Clause challenge to North Dakota's Anti-Corporate Farming Act.[2] The judge assigned to Audubon's state case is not the same judge that decided Crossroads, the case Audubon is concerned about. Moreover, the North Dakota Supreme Court has not addressed the constitutional issues raised by Audubon and there is no evidence that the state court will not afford Audubon an opportunity to fully litigate the issues, nor is there evidence that the state court will disregard federal precedent.

A court "may not engage any presumption 'that the state courts will not safeguard federal constitutional rights.'" Neal v. Wilson, 112 F.3d 351, 357 (8th Cir. 1997) (quoting Middlesex County Ethics Committee, 457 U.S. at 431). The state court is competent to decide Audubon's constitutional issues and there is no evidence to suggest that Audubon will not receive a fair hearing. As such, the third requirement for the application of the Younger abstention doctrine is satisfied.

---

[2] The district court judge deciding this case referenced by Audubon passed away earlier this year.

**CONCLUSION**

The requirements for abstention under <u>Younger</u> are met and there is no exception warranting relief.  In exercising its discretion, the Court abstains from asserting jurisdiction at this time since the requested relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism.

Additionally, when abstention under <u>Younger</u> is merited, "so long as a possibility of a return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention."  <u>Fuller</u>, 76 F.3d at 960-61 (quoting <u>Int'l Ass'n of Entrepreneurs of America v. Angoff</u>, 58 F.3d 1266, 1271 (8th Cir. 1995)).  Concurrent jurisdiction exists in state and federal court to decide Audubon's constitutional issues.  Because there is a possibility that Audubon could return to this Court, a stay, rather than dismissal, is appropriate.  <u>Id.</u>

Now, therefore, Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**.  The motion is granted to the extent <u>Younger</u> is applicable.  It is denied to the extent Defendant seeks dismissal rather than a stay of the federal proceedings.  This case is **HEREBY STAYED** until the parties have exhausted all avenues of relief in state court.

**IT IS SO ORDERED**.

Dated this 26th day of May, 2010.

/s/ Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court

10